UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DARRELL BRUCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:05 CV 243 PS |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Defendant Wells Fargo Bank, N.A.'s partial motion to dismiss. [DE 16] Plaintiff Darrell Bruce alleges that Wells Fargo violated multiple sections of the Fair Credit Reporting Act (FCRA) when it mailed him an offer to refinance his mortgage. Wells Fargo argues that a 2003 amendment to the FCRA did away with all private rights of action under §1681m (one of two sections that Plaintiff claims Wells Fargo violated). Plaintiff agrees that a 2003 amendment eliminated a private right of action under the FCRA, but insists it applied only to a particular subsection of §1681m, not §1681m as a whole. A host of district courts in this circuit and elsewhere have addressed this very issue and every single one of them that we could locate has rejected Plaintiff's argument. This Court is no exception. As explained below, Wells Fargo's motion to dismiss is granted.

**BACKGROUND**

According to Plaintiff's complaint, Wells Fargo pre-screened consumers to identify those with a certain credit rating and then targeted those consumers with offers to refinance their mortgages. Plaintiff alleges that Wells Fargo mailed him an offer to refinance his mortgage.

Plaintiff alleges that the mailing violated two provisions of the FCRA: 1) 15 U.S.C. §1681b because the mailing did not constitute a "firm offer of credit;" and 2) 15 U.S.C. §1681m because the mailing did not disclose certain rights in a "clear and conspicuous" manner. Only the latter provision is at issue in Wells Fargo's motion to dismiss.

Plaintiff claims that Wells Fargo willfully violated the FCRA and seeks statutory damages and other relief under 15 U.S.C. §1681(n). Plaintiff seeks relief for himself and on behalf of similarly-situated individuals in Indiana who received Wells Fargo's mailing.

## DISCUSSION

Wells Fargo seeks dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In the Rule 12(b)(6) context, a district court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). If the plaintiff can prove no set of facts that would entitle him to relief, dismissal under Rule 12(b)(6) is appropriate. *Hernandez v. City of Goshen, Ind.,* 324 F.3d 535, 537 (7th Cir. 2003).

    A.    **The FCRA and The FACTA**

The FCRA places limits on when a creditor may access a consumer's credit report without the consumer's authorization. The FCRA allows a creditor to access a consumer's credit report if the creditor extends a "firm offer of credit" to the consumer. 15 U.S.C. §1681b(c)(1)(B)(I). However, when a creditor makes a "firm offer of credit" to a consumer, the solicitation must include certain "clear and conspicuous" statements. 15 U.S.C. §1681m(d)(1). Such statements include a statement that the consumer has the ability to prevent future use of his

2

credit report for pre-screening purposes. *Id*. §1681n creates a private right of action for willful violations of the FCRA, while §1681o provides a private remedy for negligent violations.

In 2003, Congress passed the Fair and Accurate Credit Transactions Act (FACTA). FACTA amended various provisions of the FCRA. Pub. L. No. 108-159, 117 Stat. 1952 (2003). §311(a) of FACTA added a subsection (h) to §1681m of the FCRA. Pub. L. No. 108-159, § 311(a), 117 Stat. 1952, 1988-89 (2003). Paragraph (8) of subsection (h) is titled "Enforcement" and provides:

> (A)     No civil actions
>
> Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section.
>
> (B)     Administrative enforcement
>
> This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section.

15 U.S.C. §1681m(h)(8).

This provision became effective on December 1, 2004, approximately six months before Plaintiff filed suit. *See* 16 C.F.R. 602.1(c)(3)(xiii). The mailings at issue in this case took place after the effective date of FACTA. Thus, the parties have not raised any issues with respect to the retroactivity of the FACTA amendments. Rather, Wells Fargo's motion hinges on whether the phrase "this section" as used in §1681m(h)(8)(A) refers only to subsection (h) or whether it refers to §1681m as a whole. Plaintiff argues the former – Wells Fargo the latter. The Court agrees with Wells Fargo.

3

B.  Interpretation of §1681m(h)(8)(A)

When Congress drafts a statute, we take at face value what it says in the statute and apply it accordingly. Thus, in interpreting a statute, a court "must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). The cardinal rule of statutory interpretation is to first examine the language of the statute itself. *United States v. Miscellaneous Firearms*, 376 F.3d 709, 712 (7th Cir. 2004). If the language is unambiguous, the "first canon is also the last" because "judicial inquiry is complete." *Germain*, 503 U.S. at 254 (internal quotations omitted).

Here, the plain and unambiguous language of §1681m(h)(8)(A) indicates that the phrase "this section" refers to §1681m as a whole. Congress, for better or worse, has taken enforcement of the statute away from private attorneys general and instead has tasked federal agencies to enforce §1681m. Thus, any private right of action for a violation of §1681m has been eliminated.

Approximately a dozen district court judges in this circuit and elsewhere have addressed the precise issue presented here. To a judge, they have ruled as this Court has ruled, *i.e.* that the phrase "this section" as used in §1681m(h)(8)(A) refers to §1681m in its entirety, and therefore any private right of action for a §1681m violation has been eliminated. *See, e.g., Bruce v. Grieger's Motor Sales, Inc.*, --- F. Supp.2d ---, No. 2:05cv230, 2006 WL 752479 (N.D. Ind. Mar. 23, 2006) (Lozano, J.); *Putkowski v. Irwin Home Equity Corp.,* --- F.Supp.2d ----, 2006 WL 741387 (N.D. Cal. Mar. 23, 2006) (Hamilton, J.); *Stavroff v. Gurley Leep Dodge, Inc.*, 413 F. Supp.2d 962, 966-67 (N.D. Ind. 2006) (Sharp, J.); *Harris v. Fletcher Chrysler Products, Inc.,* NO. 1:05-CV-1140, 2006 WL 279030, *2 (S.D. Ind. Feb 02, 2006) (McKinney, C.J.); *Villagran*

4

*v. Freeway Ford, Ltd.*, No. Civ. A. H-05-2687, 2006 WL 964731 (S.D. Tex. Jan. 19, 2006) (Ellison, J); *Hernandez v. Citifinancial Services, Inc.*, No. 05C2263, 2005 WL 3430858, at *2 (N.D. Ill. Dec. 9, 2005) (Filip, J.); *McCane v. America's Credit Jewelers, Inc.*, No. 05C5089, 2005 WL 3299371, at *3 (N.D. Ill. Dec. 1, 2005) (Conlon, J.); *Phillips v. New Century Fin. Corp.*, No. SA CV 05-0692, Order at 5 (C.D. Cal. Nov. 9, 2005) (Carter, J.); *Pietras v. Curfin Oldsmobile, Inc.*, No. 05C4634, 2005 WL 2897386, at *4 (N.D. Ill. Nov. 1, 2005) (Conlon, J.); *Murray v. Household Bank*, 386 F. Supp.2d 993, 997-999 (N.D. Ill. 2005) (Gettleman, J.); *Murray v. Cross Country Bank*, 399 F. Supp.2d 843, 844-845 (N.D. Ill. 2005) (Zagel, J.).

      Plaintiff correctly points out that district court decisions are not binding on this Court. *See TMF Tool Co., Inc. v. Muller*, 913 F.2d 1185, 1191 (7th Cir. 1990). Nevertheless, "it is an entirely proper practice for district judges to give deference to persuasive opinions by their colleagues on the same court." *Id*. The Court finds the reasoning in these district court decisions to be sound and persuasive. Accordingly, the Court concludes that FACTA eliminated any private right of action for a violation of §1681m. Moreover, recent *dicta* from the Seventh Circuit further supports this conclusion. *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 951 (7th Cir. 2006) ("A recent amendment to the [FCRA] abolishes private remedies for violations of the clear-disclosure requirement, which in the future will be enforced administratively . . . .").

      Plaintiff makes several arguments to support his position. None of them is persuasive. First, Plaintiff argues that Congress in drafting FACTA occasionally used the term "section" to refer to subsection (h) of 15 U.S.C. §1681m. For instance, §311(b) of FACTA uses the phrase

5

"section 615(h)" when referring to §1681m(h) of the FCRA.  Thus, Plaintiff argues, the phrase "this section" which appears in §1681m(h)(8)(A) must also refer to §1681m(h).

Plaintiff's interpretation is strained.  This Court agrees with the other district courts who rejected this argument and found that when the word "section" appears immediately adjacent to the number it is merely intended to replace the "§" symbol typically used when citing to a statute.  *See Hernandez*, 2005 WL 3430858, at *4-5; *Murray*, 386 F. Supp.2d at 997, n.4.  The word "section" in those instances does not indicate "the precise hierarchical ranking of the provision cited." *Id*.  Moreover, when Congress used the phrase "this section" in §1681m(h)(8), it did so without reference to a number, indicating that the provision ought to apply to the entire section in which it appears.  *Bonner*, 2006 WL 760258, at *4; *Pietras*, 2005 WL 2897386, at *4 ("A close examination of drafting style reveals that Congress used the term 'section' whenever full section numbers are identified.").

Second, Plaintiff asserts that if all references to "section" in §1681m(h) refer to §1681m as a whole, then other provisions of the FCRA are rendered meaningless or redundant.  For example, 15 U.S.C. §1681s-2(c) provides that the private remedies sections of the FCRA – 15 U.S.C. §1681n and §1681o – do not apply to a portion of §1681m, namely §1681m(e).  Therefore, the argument goes, if 15 U.S.C. §1681m(h)(8)(a) in fact eliminated private remedies for all of §1681m, then §1681s-2(c) is superfluous and serves no purpose.

Plaintiff is correct that a statute should be interpreted so as not to render certain parts of it superfluous or meaningless.  *See McClain v. Retail Food Employers Joint Pension Plan*, 413 F.3d 582, 587 (7th Cir. 2005).  However, as other district courts have noted, "[s]urplusage does not always produce ambiguity and [courts'] preference for avoiding surplusage constructions is

6

not absolute." *Hernandez*, 2005 WL 3430858 at *5 (*citing Lamie v. United States Trustee*, 540 U.S. 526, 536 (2004)). Indeed, where there are two ways to read the text of a statute – one of which yields surplusage but gives the text its plain meaning, and the other way that does not yield surplusage but renders the text ambiguous – "applying the rule against surplusage is, absent other indications, inappropriate." *Lamie*, 540 U.S. at 536. In *Lamie*, the Supreme Court applied the plain meaning of a statute's terms even though it created surplusage "since that approach respect[ed] the words of Congress." *Id*.

As Judge Gettleman noted, §1681m "is not a model of precise draftsmanship." *Murray*, 386 F. Supp.2d at 998. Nevertheless, where, as here, there appears to be some tension between the canon of applying the plain meaning of the text and the canon of avoiding surplusage, the plain meaning canon wins out. Accordingly, the Court must find that the phrase "this section" as used in §1681m(h)(8)(A) refers to all of §1681m. *Germain*, 503 U.S. at 253-54 ("in interpreting a statute, a court should always turn first to [the] one, cardinal canon before all others . . . that a legislature says in a statute what it means and means in a statute what it says there").

Plaintiff makes a similar argument with respect to §1681m(h)(7), a subsection that creates a "reasonable procedures" defense for failure to perform duties required by "this section." 15 U.S.C. §1681m(h)(7). Plaintiff argues that if the phrase "this section" in §1681m(h)(7) refers to all of §1681m, then §1681m(c) becomes redundant because it too provides for a "reasonable procedures" defense for any violation of "this section." Plaintiff's argument is flawed. If a court is to adopt Plaintiff's position and interpret the phrase "this section" in §1681m(h) to mean "this subsection," then the court must apply the same meaning to the phrase "this section" wherever it appears in § 1681m. *See Pietras*, 2005 WL 2897386 at *4-

7

5; *Hernandez*, 2005 WL 3430858 at *5.  This approach would make no sense.  As other district courts have pointed out, the phrase "this section" appears six times in §1681m, including twice in §1681m(c).  §1681m(c) provides in full:  "No person shall be held liable for any violation of <u>this section</u> if he shows by a preponderance of the evidence that at the time of the alleged violation he maintained reasonable procedures to assure compliance with the provisions of <u>this section</u>."  (Emphasis added).  As Judge Conlon explained, "[i]nterpreting these two references to mean 'this subsection' would make no sense because §1681m(c) itself provides no rules for compliance or violation."  *Pietras*, 2005 WL 2897386 at *4-5.

  Finally, Plaintiff urges the Court to consider the legislative history of the FACTA and the views of certain commentators, both of which Plaintiff claims support his position.  This argument is a non-starter.  The Supreme Court has repeatedly held "the authoritative statement is the statutory text, not the legislative history or any other extrinsic material."  *Exxon Mobil Corp. v. Allapattah Services, Inc.*, — U.S. —, —, 125 S. Ct. 2611, 2626 (2005).  "Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms."  *Id*.  In other words, a court may not refer to legislative history or other extrinsic material to alter the meaning of unambiguous terms in a statute.  *Id*.; *Bonner*, 2006 WL 760258 at *4; *Hernandez*, 2005 WL 3430858 at *6; *Murray*, 386 F. Supp. 2d at 998-99.  As explained above, the phrase "this section" as it is used in §1681m(h)(8)(A) is not ambiguous.  It plainly refers to §1681m in its entirety.  Thus, in the absence of an ambiguity, the Court cannot consider the legislative history of FACTA, the views of any commentators, or any other extrinsic material.

Finally, even if Congress made an unintentional drafting error (as Plaintiff contends it did), we would not endeavor to correct the error on behalf of Congress.  Rather, "it is up to Congress rather than the courts to fix it." *Exxon Mobil*, 125 S. Ct. at 2624; *Bonner*, 2006 WL 760258 at *4; *Hernandez*, 2005 WL 3430858 at *6.

## **CONCLUSION**

For the foregoing reasons, Wells Fargo's partial motion to dismiss [DE 16] is **GRANTED** and Plaintiff's claim under §1681m is dismissed with prejudice.

**SO ORDERED.**

ENTERED:  May 2, 2006

>   s/ Philip Simon
>   PHILIP P. SIMON, JUDGE
>   UNITED STATES DISTRICT COURT